IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN R. RYAN, v-54525, | ) | 2: 08-CV-00522 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| SOLANO COUNTY; SOLANO COUNTY | ) | |
| SHERIFF'S DEPARTMENT; SOLANO | ) | |
| COUNTY SHERIFF GARY STANTON | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING MOTION TO DISMISS

I.     INTRODUCTION.

Plaintiff Stephen R. Ryan is a former inmate at the Solano County Jail who is proceeding pro se and complaining that his lack of physical exercise while he was incarcerated in the Solano County Jail constitutes cruel and unusual punishment in violation of the Eighth Amendment. Ryan brings this action pursuant to 42 U.S.C. § 1983, asking for $10,000,000 in damages and for "proper adjustments" to be made. Ryan also appears to be pursuing this matter as a class action.

On November 12, 2009, the Solano County Sheriff's Department and Solano County Sheriff Gary Stanton moved to dismiss Ryan's Complaint. Ryan filed no opposition memorandum and did not appear at the hearing, which was conducted by telephone. Because the motion is unopposed, and because Ryan did not exhaust his prison remedies, Ryan's claims are dismissed. The court additionally notes that Ryan's Complaint, to the extent

it can be construed as seeking injunctive relief, is moot, as Ryan is no longer an inmate at the Solano County Jail. Finally, to the extent the Complaint can be construed as seeking relief on behalf of a class, that request is dismissed because Ryan cannot represent a class. The court also dismisses the claims asserted against Solano County, as these claims fail for the same reasons as the claims against the sheriff's department and the sheriff.

II.     BACKGROUND FACTS.

Ryan filed a Complaint on May 1, 2009, alleging that he was an inmate in "Administrative Segregation and/or Disciplinary Isolation" at the Solano County Jail in Fairfield, California. Ryan asserts a § 1983 claim based on an alleged Eighth Amendment cruel and unusual punishment violation. Ryan claims to have been denied "adequate opportunity to physically exercise" that caused him "physical deterioration." Ryan says that he has lost 30 to 50 pounds since he was first incarcerated.

III.    ANALYSIS.

Ryan seeks money damages under 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

> equity, or other proper proceeding for
> redress, except that in any action brought
> against a judicial officer for an act or
> omission taken in such officer's judicial
> capacity, injunctive relief shall not be
> granted unless a declaratory decree was
> violated or declaratory relief was
> unavailable.

However, for Ryan to proceed with his § 1983 claim based on alleged cruel and unusual punishment at the Solano County Jail, he must exhaust his prison remedies.

In relevant part, the Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although this court at one time had discretion to permit a case to proceed without exhaustion, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. See Porter v. Nussle, 534 U.S. 516, 523 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to bringing suit. Id. Exhaustion is a prerequisite "to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532.

Exhaustion is an affirmative defense with respect to which a defendant has the burden of proof; it should be raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding an unenumerated motion to dismiss for failure to exhaust nonjudicial remedies under Rule 12(b), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust, the court must give the prisoner fair notice of his opportunity to develop a record. Id. at 1120 n.14.[1] If the court concludes that the prisoner has not exhausted the prison administrative process, the proper remedy is dismissal of the claim. Id. at 1120.

The Solano County Jail has an inmate grievance system for issues "regarding custody treatment, medical treatment or any other related custody problem." See Declaration of Sergeant Margo Cullison ¶ 3 (Oct. 21, 2009). While incarcerated in the Solano County Jail from September 24, 2006, through August 20,

---

[1] Ryan was given such notice when he was served with the motion to dismiss and was informed of the hearing on the motion. Ryan filed no written opposition to the motion, but could have orally opposed it at the hearing had he appeared.

4

2007, Ryan submitted five grievances. Id. ¶ 4. None of these grievances pertained to "any alleged denial of opportunities to exercise." Id. ¶ 5. Accordingly, because Ryan did not exhaust his prison remedies with respect to his denial of exercise claims, those claims are dismissed. See 42 U.S.C. § 1997e(a); Wyatt, 315 F.3d at 1119-20. Because this court is dismissing Ryan's § 1983 claim for failure to exhaust his prison remedies, this court need not reach the issue of whether Ryan alleges a valid claim.

The court notes that, to the extent Ryan seeks injunctive relief for himself, the relief he seeks is moot, as he is no longer an inmate at the Solano County Jail. See Cullison Decl. ¶ 6 (stating that Ryan was transferred to a state prison on August 20, 2007). The court additionally notes that, to the extent Ryan seeks to represent a class of similarly situated individuals, he may not do so. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity") (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975), for the proposition that "pro se prisoner may not bring a class action on behalf of fellow prisoners").

IV.     CONCLUSION.

Because Ryan failed to exhaust his prison remedies, this court dismisses his Complaint pursuant to § 1997e(a). This dismissal is with respect to all defendants, even though only the Solano County Sheriff's Department and Gary Stanton filed the motion to dismiss before this court. To the extent Ryan's Complaint seeks relief from Solano County, the reasons supporting the dismissal of his Complaint apply equally to Solano County. Accordingly, the clerk of court is directed to enter judgment in favor of all of the defendants and to close this case. The Clerk of Court shall send a copy of this order to Ryan at the following address: Stephen R. Ryan V-54525, California Men's Colony, P.O. Box 8103, San Luis Obispo, CA 93403-8103.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 2, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Ryan v. Solano County, et al.; Civil No. 2:08-00522 SOM/BMK; ORDER GRANTING MOTION TO DISMISS